IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL FENNELL,                      )
                                           )
                  Plaintiff,      )
                                           )
            v.                         )       Civil Action No. 20-1157
                                           )
GHEORGHE TACU, GT EXPRESS,     )
LLC and SPARTAK, INC.,            )
                                           )
                  Defendants.    )

**MEMORANDUM OPINION**

Presently before the Court is Plaintiff's Motion for Leave to File Amended Complaint and brief in support (Docket Nos. 31, 32), Defendants' response in opposition to Plaintiff's motion (Docket No. 34), and Plaintiff's reply thereto (Docket No. 35). For the reasons set forth below, Plaintiff's motion will be granted.

I.     **Background**

This case arises in connection with a motor vehicle accident that occurred on August 6, 2018 involving Plaintiff Michael Fennell and Defendant Gheorghe Tacu. According to the Complaint filed on August 3, 2020 (Docket No. 1), Plaintiff, a Pennsylvania State Trooper, had stopped Mr. Tacu for a potential vehicle code violation when Mr. Tacu's tractor-trailer allegedly rolled backward and hit Plaintiff's vehicle, causing him injury. Plaintiff filed suit against Mr. Tacu and his alleged employers, GT Express, LLC, and Spartak, Inc. (hereinafter, "Defendants" or "existing Defendants"), claiming four counts of negligence: (1) Negligence (Plaintiff v. Mr. Tacu); (2) Negligence *per se* (Plaintiff v. Mr. Tacu); (3) Negligence (*Respondeat Superior*) (Plaintiff v. GT Express, LLC): and (4) Negligence (*Respondeat Superior*) (Plaintiff v. Spartak, Inc.).

1

On February 17, 2021, after Defendants had filed their Answer (Docket No. 21) and had served their initial disclosures (which included insurance coverage information), Plaintiff filed his motion for leave to file an amended complaint.  In his motion, Plaintiff explains that, based on the information that Defendants provided as well as Plaintiff's own research, it appears that:  the assets and/or insurance coverage available to indemnify Defendants may not be sufficient to cover Plaintiff's damages; GT Express, LLC is a shell corporation and an alter ego of Mr. Tacu and should be treated as a single entity; and Spartak, Inc. is a shell corporation with multiple alter egos owned by the same owners, and/or that Spartak, Inc. and the other commonly-owned alter-ego shells should be treated as a single entity.  (Docket No. 31 at 2).

Accordingly, Plaintiff asks leave to file his proposed Amended Complaint (Docket No. 31-1), which includes additional negligence counts against Defendants.  Plaintiff also seeks to add new corporate defendants GTR Express LLC, Drone Transportation, Inc., LuxStyle, Inc., Motor Beat, Inc., Lucky Joker, Inc., and A.R.C. Expresss, Inc., along with new individual defendants Radu Plamadeala a/k/a/ Radu Spinei a/k/a Radu Spinel and Cristina Coada, husband and wife who are the alleged owners/joint-owners/agents/officers of the various corporate entities involved (hereinafter, "the new Defendants").  According to Plaintiff, the alleged liability of the new Defendants in the proposed Amended Complaint is the same as the alleged liability of the existing Defendants for the conduct, transactions and/or occurrences alleged in his original Complaint, but the new Defendants are liable under veil-piercing theories.

Defendants argue that the Court should deny Plaintiff's motion, contending that the proposed amendment of the Complaint is futile because the proposed claims against them and the new Defendants would be barred by the statute of limitations, which expired three days after

Plaintiff filed his original Complaint.  Defendants also argue that Plaintiff should not be permitted to amend his Complaint to include a request for punitive damages.

**II.**   **Legal Analysis**

**A.**  **Amendment of Pleadings Under Federal Rule of Civil Procedure 15**

Federal Rule of Civil Procedure 15 permits a party to "amend its pleading once as a matter of course" within 21 days after serving it or within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent" or with leave of court.  Fed. R. Civ. P. 15(a)(2).  Generally, courts are liberal in permitting amendment of pleadings, as Rule 15 specifies that leave shall be freely given "when justice so requires," and the burden of showing that justice requires such amendment rests with the party seeking leave to amend.  Fed. R. Civ. P. 15(a)(2); see Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir. 1990); Katzenmoyer v. City of Reading, 158 F. Supp. 2d 491, 497 (E.D. Pa. 2001).

There are limits to the policy favoring liberal amendment, however, and an amendment of a pleading is considered to be futile if the claims sought to be added would be barred by the statute of limitations.  See Kitko v. Young, Civ. Action No. 3:10-189, 2013 WL 126324, at *2 (W.D. Pa. Jan. 9, 2013) (citing Garvin v. City of Philadelphia, 354 F.3d 215, 222 (3d Cir. 2003)); Dole, 921 F.2d at 487.  Therefore, when a party seeks leave to amend a pleading in order to add new claims or new parties after the statute of limitations has expired, that party must show that the new claims and/or parties "relate back" to the date of the original pleading.  See Estate of Grier ex rel. Grier v. Univ. of Pa. Health Sys., Civ. Action No. 07-4224, 2009 WL 1652168, at *2 (E.D. Pa. June 11, 2009); Kitko, 2013 WL 126324, at *2.  Specifically, Rule 15(c) provides:

**(1)** ***When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:

**(A)** the law that provides the applicable statute of limitations allows relation back;

**(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

**(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

**(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

**(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

If a plaintiff seeks leave of Court to add new claims against an existing defendant, Rule 15(c)(1)(B) requires that the new claims arise out of the same transaction or occurrence that gave rise to the claims in the original complaint. See Estate of Grier, 2009 WL 1652168, at *3. If a plaintiff seeks leave to add new defendants, however, the plaintiff must demonstrate that all the requirements of 15(c)(1)(C) are satisfied. See id. Thus, the plaintiff "must establish that the amended pleading relates to the same conduct or transaction or occurrence set forth in the original complaint; that within the . . . time period prescribed by Rule 4(m), the proposed new defendant had notice of the action; and that the proposed new defendant knew or should have known that but for a mistake of identity, he or she would have been named in the initial complaint." Id.

Additionally, a court's decision as to whether a new claim relates back to an original complaint is separate from, and entails use of a different standard than, the court's decision as to whether to grant leave to amend. See Kitko, 2013 WL 126324, at *2 (quoting Eaglin v. Castle Acquisition, Inc., Case No. 2011-48, 2012 WL 4891623, at *1 (D.V.I. Oct. 16, 2012)). Therefore,

if an amended pleading meets the Rule 15(c) requirements and relates back to the date of the original pleading, a court can still deny leave to amend under Rule 15(a) if it determines that the amendment would be unjust.  See id.  In making such determination, "'prejudice to the non-moving party is the touchstone for the denial of an amendment,'" and it is the defendant who "bears the burden of demonstrating prejudice sufficient to deny leave to amend under Rule 15(a)."  Id. at *3, 7 (quoting Cornell and Co., Inc. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)).  However, even if substantial or undue prejudice has not been shown, denial may also be based on a plaintiff's "'bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment.'"  Id. at *3 (quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)).

### B.  Plaintiff's Proposed Amended Complaint

In this case, as the time for amending the Complaint as a matter of course has passed, and as Defendants do not consent to Plaintiff's proposed amendment, Plaintiff has appropriately sought leave to amend from the Court.  Because the two-year statute of limitations for Plaintiff's various negligence claims (all brought under Pennsylvania law) expired shortly after he filed his original Complaint, the new Defendants and the new claims cannot be added to this action unless the proposed Amended Complaint relates back to the date of the original Complaint's filing pursuant to Rule 15(c).[1]  See Kitko, 2013 WL 126324, at *3 (citing Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 (3d Cir. 1996)); Wine v. EMSA Ltd. Partnership, 167 F.R.D. 34, 37 (E.D. Pa. 1996).

To the extent that the proposed Amended Complaint alleges new claims against the existing Defendants, the parties do not contest that those new claims arise out of the occurrence set out in

---

[1]     A two-year statute of limitations applies to negligence actions in Pennsylvania.  See 42 Pa. C.S. § 5524; Barnes v. American Tobacco Co., 161 F.3d 127, 152 (3d Cir. 1998).

the original pleading, which is the vehicle collision at issue.  The Court therefore finds that the new claims against the existing Defendants relate back to the original Complaint.

With regard to the addition of the new Defendants in the proposed Amended Complaint, as discussed, <u>supra</u>, to show that such amendment regarding them "relates back" to the date of the original Complaint, Plaintiff must show that the three prerequisites of Rule 15(c)(1)(C) are met:

> (1) the claims in the amended complaint must arise out of the same occurrences set forth in the original  complaint, (2) the party to be brought in by amendment must have received notice of the action . . . and (3) the party to be brought in by amendment must have known, or should have known, that the action would have been brought against the party but for a mistake concerning its identity.

<u>Kitko</u>, 2013 WL 126324, at *4 (quoting <u>Arthur v. Maersk, Inc.</u>, 434 F.3d 196, 203 (3d Cir. 2016)).

Regarding the first prerequisite, as previously noted, the negligence claims against the new Defendants alleged in the proposed Amended Complaint arise out of the vehicle collision that is the same occurrence set forth in the original Complaint.  Plaintiff has therefore shown that the first prerequisite of Rule 15(c)(1)(C) is met.

The second prerequisite of relation back under Rule 15(c)(1)(C) actually has two requirements:  (1) that the party to be brought in by amendment received notice of the action, and (2) that, because of such notice, the party is not prejudiced by its later addition to the case.  <u>See</u> Fed. R. Civ. P. 15(c)(1)(C); <u>Urrutia</u>, 91 F.3d at 458.  Such notice of the action to new parties, under Rule 15(c)(1)(C)(i), may be actual, constructive, or imputed.  <u>See Kitko</u>, 2013 WL 126324, at *4 (citing <u>Singletary v. Pa. Dep't of Corrections</u>, 266 F.3d 186, 195-96 (3d Cir. 2001)); <u>Estate of Grier</u>, 2009 WL 1652168, at *3.  Receipt of notice may be imputed by the existence of a shared attorney or by an identity of interest between the original defendants and the parties sought to be added.  <u>See Kitko</u>, 2013 WL 126324, at *4 (quoting <u>Singletary</u>, 266 F.3d at 189); <u>Estate of Grier</u>,

2009 WL 1652168, at *3.  Since Plaintiff alleges that the new Defendants are all owned or controlled by the same individuals or entities as the existing Defendants, either as shell corporations, alter egos, or under a single entity theory, and since Defendants do not argue to the contrary (nor do they address the notice requirement in their brief in opposition), the Court concludes that notice given to the new Defendants can be imputed by the alleged identity of interest between the new Defendants and the existing Defendants.  Plaintiff has therefore shown that the second prerequisite of Rule 15(c)(1)(C) has been met.

Third, as to whether the new Defendants must have known, or should have known, that the action would have been brought against them had Plaintiff not been mistaken concerning their identities, Plaintiff has also shown that this requirement has been met.  Specifically, Plaintiff explains in his motion and brief that, through Defendants' Answer and initial disclosures and his resulting research, he learned of a complex corporate structure involving the existing Defendants and the new Defendants, which revealed the new Defendants' liability in this matter.  If, as Plaintiff alleges, the parties are all interconnected, then they must have known (or should have known) that Plaintiff would have brought suit against them had he understood their corporate identities.  Therefore, since Plaintiff has shown that the necessary prerequisites of Rule 15(c)(1)(C) have been met, the Court finds that the proposed Amended Complaint naming the new Defendants does, in fact, relate back to the date of the original Complaint.

Having concluded that the proposed amendments relate back to the original Complaint, however, the Court must also determine whether it should grant leave to amend the Complaint pursuant to Rule 15(a) or whether granting such leave would be unjust.  With regard to adding new claims against the existing Defendants, as noted, supra, although Plaintiff bears the burden of showing that such amendment relates back under Rule 15(c), the existing Defendants bear the

7

burden of demonstrating prejudice sufficient to deny leave to amend under Rule 15(a).  See Kitko, 2013 WL 126324, at *7 (citing Dole, 921 F.2d at 488 (explaining that, "to make the required showing of prejudice . . . [Defendant] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed"), and Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (explaining that a party that is opposing amendments "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the  . . . amendments been timely" (internal quotation marks and citation omitted))).  Here, the existing Defendants have made boilerplate statements that they would be prejudiced (stating, for instance, that the motion is "Extremely Prejudicial due to the Expiration of the Statute of Limitations," without providing any specific factual support), but they have not shown that they would be substantially prejudiced because their ability to present their case would be seriously impaired by permitting the proposed amendment at this juncture.  (Docket No. 34 at 4).

As previously discussed, the Court may also deny leave to amend if it finds that Plaintiff had bad faith or dilatory motives in seeking his amendment, that there was undue or unexplained delay, that there were repeated failures to cure the deficiency by previously allowed amendments, or that there is futility of amendment.  See Kitko, 2013 WL 126324, at *3; Lorenz, 1 F.3d at 1414. Defendants argue that by waiting until only three days before the running of the statute of limitations to file his Complaint, Plaintiff cannot now argue that there was justified delay in pursuing the additional claims he raises, and that permitting amendment of his claims would be futile because they are barred by the statute of limitations.  (Docket No. 34 at 5).  However, as explained, supra, because the new claims against the existing Defendants and the addition of the new Defendants relate back to the date the original Complaint was filed, those claims are not futile

based on the statute of limitations as Defendants contend.  The Court also finds that Plaintiff has provided an adequate explanation for why he did not include the proposed amendments in his original Complaint, as it was not until he received Defendants' Answer and initial disclosures that he allegedly learned of the insurance coverage issues and the complex corporate structure involved in this matter.  Moreover, Plaintiff did not fail to cure the alleged deficiency in his pleading by previously allowed amendments, as the motion before the Court is Plaintiff's first motion to amend his Complaint.

Additionally, Defendants argue that the Court should prohibit Plaintiff from amending his Complaint because his proposed Amended Complaint alleges causes of action that are different or new from those contained in the original Complaint, and the statute of limitations has run on those new claims.  "Under Pennsylvania law, there is a prohibition against amendments which allege a different or new cause of action after the running of the applicable statute of limitations." Ozoemena v. City of Philadelphia, No. Civ. A. 97-3765, 1997 WL 633749, at *7 (E.D. Pa. Oct. 1, 1997) (citing Matos v. Rivera, 648 A.2d 337, 339-40 (Pa. Super. Ct. 1994)).  A different or new cause of action is alleged if "'the amendment proposes a different theory or a different kind of negligence than the one previously raised or if the operative facts supporting the claim are changed.'" Id. (quoting Junk v. East End Fire Dep't, 396 A.2d 1269, 1277 (Pa. Super. Ct. 1978)); see, e.g., Jones v. Cheltenham Township, 543 A.2d 1258, 1260 (Pa. Commw. Ct. 1988) (upholding a trial court's decision not to allow amendment of a complaint alleging negligence in order to add willful negligence, after a township had asserted an immunity defense based on the complaint not alleging willful conduct in relation to an accident that occurred at a township park).  "However, if the proposed amendment does nothing more than *amplify* a cause of action that has already been averred, it should be permitted even though the statute of limitations has run." Ozoemena, 1997

9

WL 633749, at *7 (citing Hodgen v. Summers, 555 A.2d 214, 215 (Pa. Super. Ct. 1989) (emphasis added)).

In this case, while the original Complaint alleges four counts of negligence (or negligence *per se* or negligence (*respondeat superior*)), the proposed Amended Complaint adds six new counts of negligence, although the nature of the negligence claims varies based on the existing Defendants' and new Defendants' corporate structures.[2]   (Docket Nos. 1, 31-1).   Importantly, although Plaintiff includes general allegations explaining the named Defendants' and new Defendants' connections, thereby setting forth the basis for their liability, the operative facts supporting the claims are not changed from the original Complaint, nor are entirely new theories of liability added.[3]   Therefore, the Court finds that, although the claims raised against the new Defendants may amplify causes of action that have already been averred, they do not state new and different causes of action altogether.[4]   See Ozoemena, 1997 WL 633749, at *7.

Finally, Defendants argue that Plaintiff should not be permitted to amend his Complaint to seek punitive damages because such proposed amendment is untimely, futile, and extremely prejudicial.   In analyzing a request for leave to seek punitive damages under the same Rule 15(c) standard as evaluating a request for leave to amend a Complaint otherwise, "a proposal to add a punitive damages claim following the expiration of the limitations period requires that the

---

[2]    Specifically, the proposed Amended Complaint includes two new claims based on piercing the corporate veil and one new claim based on joint venture liability due to the corporate structure that is allegedly in place, as well as one claim based on negligent hiring, one claim based on negligent entrustment/negligence *per se* because of the new Defendants' relationships with the existing Defendants, and another claim for negligence.   (Docket 31-1).

[3]    Although Defendants argue that the original Complaint contains no allegations of deliberate or willful conduct, the Court notes that Plaintiff specifically alleges in the Complaint that "at all times Mr. Tacu acted with conscious disregard of the law, and of the health and safety of Officer Fennell."   (Docket No. 1, ¶ 41 (Count II, incorporated by reference into Counts III and IV)).   Accordingly, the Court finds that Plaintiff did, in fact, allege deliberate or willful conduct in his original Complaint.

[4]    The Court notes that, after the Amended Complaint is filed, the new Defendants are free to assert defenses to, and/or move to dismiss, the claims against them, if they so choose.

requested punitive damages relate back to the date of the original complaint." <u>Estate of Grier</u>, 2009 WL 1652168, at *9. Like the other new claims included in the proposed Amended Complaint, Plaintiff's request for punitive damages, based on the facts alleged, clearly relates back to the original Complaint.[5] Similarly, the Court sees no reason to doubt Plaintiff's assertion that he is amending his claims for damages based on the information he received in Defendants' initial disclosures and Answer. Additionally, at this early stage of the litigation, the Court finds that Defendants would suffer little if any prejudice in defending against a claim for punitive damages for such claims. <u>See</u> <u>id.</u> The Court also declines to find, at this time, that Plaintiff's punitive damages claims would be futile, since a determination of whether such damages are warranted will require inquiry into the specific facts of the case.[6] <u>See</u> <u>id.</u> Furthermore, upon review of the proposed Amended Complaint, the Court finds that Plaintiff has alleged facts that, if proven, could lead to the conclusion that he is entitled to an award of punitive damages because Defendants "engaged in conduct that was 'outrageous, because of the[ir] . . . reckless indifference to the rights of others.'" <u>Id.</u> (quoting <u>Hutchison ex rel. Hutchison v. Luddy</u>, 870 A.2d 766, 770 (Pa. 2005) (setting forth the standard governing the award of punitive damages in Pennsylvania)). The Court will therefore permit Plaintiff to amend his Complaint to seek punitive damages in this matter.

Because the Court finds that the claims in Plaintiff's proposed Amended Complaint relate back to the date of his original Complaint, and that permitting such amendment would not be unjust

---

[5]      In Pennsylvania, a two-year statute of limitations applies to a claim for punitive damages. <u>See</u> <u>Goodfellow v. Shohola, Inc.</u>, Civ. Action No. 3:16-1521, 2018 WL 3995696, at *3 (M.D. Pa. Aug. 21, 2018).

[6]      The Court also notes that, although punitive damages are considered to be an extreme remedy, <u>see</u> <u>Phillips v. Cricket Lighters</u>, 883 A.2d 439, 445 (Pa. 2005), the Pennsylvania Supreme Court has been somewhat liberal in permitting a plaintiff to attempt to prove punitive damages. <u>See</u> <u>Brand Marketing Group, LLC v. Intertek Testing Servs. NA, Inc.</u>, No. 12cv1572, 2014 WL 2094297, at *10-11 (W.D. Pa. May 20, 2014) (citing <u>Hutchison</u>, 870 A.2d at 766); <u>see also</u> <u>Thomas v. Medesco, Inc.</u>, 67 F.R.D. 129, 132 (E.D. Pa. 1974) (allowing punitive damages to be added when new facts were not alleged but, rather, new implications from the facts were discovered).

under the circumstances presented here, the Court concludes that Plaintiff should be permitted to amend his Complaint.

## III.   <u>Conclusion</u>

Accordingly, Plaintiff's Motion for Leave to File Amended Complaint shall be granted. An appropriate Order follows.


Dated: June 8, 2021                                    /s/ *W. Scott Hardy*
                                                                W. Scott Hardy
                                                                United States District Judge

cc/ecf: All counsel of record